PIERCE *v.* PIERCE.

5-3012 377 S. W. 2d 868

Opinion delivered April 27, 1964.

*Felver A. Rowell, Jr.,* for appellant.

*Gordon & Gordon,* for appellee.

FRANK HOLT, Associate Justice. This appeal arises from the allowance of a portion of a claim filed by the appellee, C. J. Pierce, d/b/a C. J. Pierce Lumber Company, against the estate of his father, M. H. Pierce, deceased. In September, 1960, a month following his father's death, appellee filed his original claim for $10,371.28 seeking reimbursement for one-half of a salary paid by him to his employee, a timber cruiser, for a period of three and one-half years [1955-58] and, also, the repayment of certain severance taxes allegedly paid by appellee. Subsequently this claim was amended and

increased to $25,490.00 alleging additional claims based upon the use of appellee's truck and the rendering of personal services in the purchase of timber lands by appellee for his father during this three and one-half year period. Upon appellee's claim being denied by the executrix of his father's estate, the issue was submitted to the Probate Judge who allowed appellee's claim to the extent of $12,675.00. After deducting $12,491.41, which appellee admittedly owed his father's estate, the court rendered judgment for appellee in the sum of $183.59 against the appellant estate.

On appeal appellant relies for reversal upon two points: (1) The court erred in finding there was a contract, expressed or implied, to compensate appellee for the "salary of his timber cruiser and truck expense," and (2) that the court erred in finding there was a "mutual account" between appellee and his father's business firm. On cross-appeal the appellee contends for reversal that the court erred in not allowing his claim to the extent of the proof offered for a total of $30,217.50. Appellee further urges that appellant's appeal should be dismissed for failure to comply with Ark. Stat. § 27-2127.1 which requires that the transcript must be filed within seven months from the date of the entry of the judgment or decree. Since we think the appellee is correct in this latter contention, we first consider this point.

Pending the appeal the appellee filed a motion with the clerk of this court to dismiss the appeal for the reason that the transcript was not filed within the required statutory period of time. This motion was controverted by the appellant who argued that the transcript was filed within the required time and, furthermore, if not filed within that time it was due to an unavoidable casualty resulting from an error made by the probate clerk. Pursuant to our per curiam order the Probate Judge proceeded to take evidence to determine the actual date of the filing in the probate clerk's office of the questioned judgment upon which this appeal is based. Pursuant to this order the trial court has certified to us that:

"(2) From the evidence, it is found that the Judgment in question was filed with the Probate Clerk on some date subsequent to June 27, 1962, and not later than July 3, 1962, as shown by the testimony of Mr. Brewer, the clerk, * * *

(3) This finding is based on the showing that the Velma Catherine Mason and Mary Alice Cargile Order of July 2, 1962, was filed July 3, 1962, and appears of record immediately following the record of the Judgment in question."

In the case at bar it is undisputed that the transcript was filed with the clerk of this court on February 8, 1963. Under the findings of the Probate Judge the transcript should have been lodged not later than February 3, 1963, to comply with Ark. Stat. Ann. § 27-2127.1 (Repl. 1962). It provides in pertinent part that:

"* * * the trial court shall not extend the time to a date more than seven [7] months from the date of the entry of the judgment or decree."

We construed the meaning of the words "entry of the judgment or decree" in *Cranna, Administrator* v. *Long,* 225 Ark. 153, 279 S. W. 2d 828. There we held that if the judgment were not actually entered on the date rendered, then the date of the filing of the judgment with the clerk is the decisive date.

The appellant contends, however, that if the transcript was not timely filed it was due to an unavoidable casualty caused by an error of the clerk since the copy of the judgment contained in the transcript has typed thereon that it was filed on the 9th day of July, 1962. It is undisputed that the original judgment on file in the probate clerk's office does not have any filing date noted thereon. Further, pursuant to our directions the trial court has determined that the judgment was actually filed not later than July 3, 1962." The certificate of the probate clerk reveals that the entire transcript was completed on January 30, 1963, or in sufficient time to file it before the seven [7] months allowed by statute

for the filing of this transcript had expired. In addition, it is undisputed that the appellant and the cross-appellant state in their notices of appeal that they are appealing from a judgment "entered" on the 27th day of June, 1962. There is no reference in either notice of appeal to *any other date* concerning the rendition or filing of the judgment in question. In other words, neither of the parties at that time made reference to the judgment actually being filed on July 9, 1962.

Under the facts in the case at bar we do not find that the delay in filing the transcript was occasioned by an unavoidable casualty and, therefore, we are impelled to hold that the appeals of the appellant and cross-appellant must be dismissed because the transcript was not filed within the required time. In the instant case the applicable provision of the statute is clear and mandatory. Although we do not reach a discussion of the other points raised by the appellant and the cross appellant is might be said, however, that upon doing so it is possible we could have reached substantially the same result.

The appeals are dismissed.