## Gary YENT *v.* STATE of Arkansas

650 S.W.2d 577

### Supreme Court of Arkansas
### Opinion delivered May 23, 1983

*E. E. Maglothin, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

PER CURIAM. The appellant has filed a motion for a rule to require the Clerk to file a record that was tendered too late. The judgment of conviction was entered on March 8, 1982. Proceedings on a motion for new trial were not terminated until the motion was denied on September 1. The trial court, at the request of counsel, entered orders purporting to extend the time for filing the record to March 31, 1983, when it was tendered.

Under Appellate Procedure Rule 5 (b) and its predecessor, Act 555 of 1953, § 20, the trial court cannot extend the time for filing the record to a date more than 7 months after

the entry of the judgment, although this court may do so for compelling reasons, such as unavoidable casualty. *Pierce* v. *Pierce,* 238 Ark. 46, 377 S.W.2d 868 (1964); *Stebbins & Roberts* v. *Rogers,* 223 Ark. 809, 268 S.W.2d 871 (1954); *West* v. *Smith,* 224 Ark. 651, 278 S.W.2d 126 (1955). Here counsel made the mistake of obtaining extensions of time in the trial court, past the 7-month deadline, instead of filing a partial record and seeking an extension in this court.

It has been suggested that the 7-month limitation was superseded or extended by Act 123 of 1963 and its successor, Appellate Procedural Rule 4, which provide for extensions of time in connection with post-judgment motions, such as a motion for new trial. The extension, however, is *only* for the filing of the notice of appeal, not for lodging the record in the appellate court.

Unlike our Appellate Procedural Rule 4, Federal Appellate Procedural Rule 4 provides in its second paragraph that the running of the time for filing a notice of appeal is terminated as to all parties by a timely post-judgment motion and that "the full time for appeal . . . commences to run and is to be computed from the entry" of the order granting or denying the post-judgment motion. Our Civil Procedure Revision Committee, which drafted our present procedural rules, expressly rejected the plan embodied in the federal rule, stating in its Reporter's Note to our Appellate Procedural Rule 4:

> 2. Section (b) does not follow the second paragraph of Rule 4 of the Federal Rules of Appellate Procedure. It was believed that the federal rule permits excessive delay with respect to post-judgment motions that might be filed but not acted upon promptly. Consequently, Sections (b), (c) and (d) preserve the procedure that was prescribed by Act 123 of 1963.

It cannot be doubted that the federal rule does permit excessive delay, because the full time for the appellate process begins to run anew upon the filing of a post-judgment motion, and several such motions might be filed successively. The opportunities for intentional delay are

innumerable. By contrast, our Rule 4 provides a simple and readily understandable procedure, by which the trial court cannot extend the time for filing the record beyond seven months after the entry of the judgment. During the 20 years our procedure has been in force this is apparently the first instance in which post-judgment proceedings have consumed most of the seven months. Even so, counsel had a simple remedy in this court.

In accordance with our per curiam order of February 5, 1979, 265 Ark. 964, the motion for a rule on the Clerk will be granted only if counsel assumes full responsibility for the error or shows other good cause for the delay.

For the present, the motion is denied.

ADKISSON, C.J., concurs.

PURTLE, J., dissents.

RICHARD B. ADKISSON, Chief Justice, concurring. I concur in the majority's conclusion that the motion for rule on the clerk should be denied because the record was not filed in this court on appeal within seven months from the date the judgment was entered. However, I cannot agree with the precedent set by the majority which holds that Rule 36.22, A.R.Cr.P., and Rule 4, Rules of Appellate Procedure, do not extend the effective date of the judgment for purposes of appeal.

Rule 5, Rules of Appellate Procedure, provides that the trial court cannot extend the time for filing the record on appeal for more than seven months after entry of the judgment.

Rule 4 (a), Rules of Appellate Procedure, provides that notice of appeal shall be filed within 30 days from the entry of the judgment. However, under Rule 4 (c) the time for filing notice of appeal can be extended almost indefinitely when certain post-trial motions are pending.

In interpreting Rule 5, the majority has failed to take into account Rule 4 (c). Because of this today's decision

results in an anomaly. Rule 5 can now require that the record on appeal be filed in this court before Rule 4 (c) requires a notice of appeal to be filed in the trial court.

The following dates are significant to an understanding of the case:

| | |
|---|---|
| March 8, 1982 | Judgment of conviction was filed of record. |
| April 5, 1982 | Motion for new trial was filed by appellant. |
| May 5, 1982 | Motion for new trial denied per Rule 4 (c), Rules of Appellate Procedure. |
| September 1, 1982 | Motion for new trial denied by court order. |
| September 28, 1982 | Notice of appeal filed. |
| March 21, 1983 | Appellant tendered record to supreme court clerk. |

I would deny the motion for rule on the clerk because the record on appeal was not filed within seven months from the *effective* date of the judgment. My difference with the majority is the effective date of the judgment. The majority states that the effective date of the judgment is when it was first entered on March 8, 1982. I believe the effective date of the judgment is as extended by Rule 36.22, A.R.Cr.P., and Rule 4, Rules of Appellate Procedure. In this case the effective date of the judgment was 30 days after the motion for new trial was filed since there is no indication *in the record* that appellant requested the court to take the matter under advisement or to set a definite time for a hearing on the motion as is required by our decision in *Coking Coal, Inc., et al.* v. *Arkoma Coal Corp.*, 278 Ark. 446, 646 S.W.2d 12 (1983):

> Under Rule 4 (c) the party filing a motion for new trial must present the motion to the court within 30 days,

and if the matter cannot be heard within the 30 days the movant must, within those 30 days, request the court to take the matter under advisement or to set a definite date for a hearing. If the court does neither, the motion is deemed to be denied at the expiration of 30 days after its filing ... Under Rule 4 (d), if the motion is denied by the court or is deemed to have been disposed of, a party desiring to appeal has 10 days from the entry of the order or from the date of the presumed disposition of the motion to file notice of appeal. ...

It should be noted that in criminal cases the time for filing a notice of appeal does not expire until 30 days after a motion for new trial is considered denied as compared to ten days for other cases as per Rule 4 (d). *See* Rule 36.22, A.R.Cr.P., which provides: "[T]he time to file a notice of appeal shall not expire until thirty (30) days after the disposition of all motions or applications [for a new trial]."

No consideration on appeal has been given to the affidavit filed by the appellant's attorney in support of his motion for rule on the clerk. This affidavit attempts to establish that the attorney requested the court to set a hearing on the motion for new trial within 30 days after its filing and that the trial court took this motion under advisement. By filing this affidavit appellant's attorney has attempted to fall within the rule set out by this court in *Coking Coal, Inc., supra.* However, the matter contained in the affidavit must be established by the record made in the trial court, not by an affidavit filed for the first time in this court.

JOHN I. PURTLE, Justice, dissenting. I would grant the motion for a rule on the clerk because I think it was timely tendered. ARAP, Rule 4 (c), gives petitioner the right to file this record when it speaks to the issue of motions being filed after entry of judgment. Rule 4 (c) states that time for appeal does not commence to run until all motions are disposed of by denial or by granting. In this case the trial judge clearly had the motion under consideration until September 1, 1982. I would, therefore, grant the rule on the clerk.