# IN RE: CHANGES TO THE ARKANSAS RULES OF CIVIL PROCEDURE AND THE ARKANSAS RULES OF APPELLATE PROCEDURE

712 S.W.2d 296

Supreme Court of Arkansas
Delivered July 7, 1986

PER CURIAM. The following changes in the rules were drafted by our Committee on Rules of Pleading, Practice, and Procedure in Civil Cases. We wish to thank the committee chairman, Judge Henry Wilkinson, and the committee reporter, Professor John J. Watkins, as well as all of the members of the committee, for the continuing superb job they have done.

The changes prescribed in this opinion will become effective September 15, 1986. Between now and that date we will welcome suggestions and comments on them from bench and bar.

## Rule 4, Ark. R. Civ. P.

Rule 4 of the Arkansas Rules of Civil Procedure is amended as follows:

(1) By deleting the present language of subsection (e)(3) and substituting:

> (e)(3) By any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee.

(2) By adding a new subsection to be designated (k):

> (k) *Service of Other Writs and Papers.* Whenever any rule or statute requires service upon any person, firm, corporation or other entity of notices, writs, or papers other than a summons and complaint, including without limitation writs of garnishment, such notices, writs or papers may be served in the manner prescribed in this Rule for service of a summons and complaint. Provided, however, any writ, notice or paper requiring direct seizure of property, such as a writ of assistance, writ of execution, or order of delivery shall be made as otherwise provided by law.

The following addition is made to the Reporter's Note accompanying Rule 4:

*Addition to Reporter's Note, 1986 Amendment*: Rule 4(e)(3) is amended to make explicit that service by mail outside the state must be sent with restricted delivery, thus harmonizing the provision with Rule 4(d)(8), which governs service by mail within the state. New subsection (k) is primarily aimed at making clear that the service-by-mail provisions of Rule 4(d)(8) may be utilized to serve writs of garnishment.

## Rule 5, Ark. R. Civ. P.

Rule 5 of the Arkansas Rules of Civil Procedure is amended by adding the words "or any statute" following the word "rule" in the first sentence of subsection (b), to wit:

(b) *Service; How Made.* Whenever under this rule or any statute, * * * *

The following addition is made to the Reporter's Note accompanying Rule 5:

*Addition to Reporter's Note, 1986 Amendment*: The 1986 amendment adds the words "or any statute" following the word "rule" in the first sentence of subsection (b). The rule thus applies not only to those papers required to be filed by the Rules of Civil Procedure, but also to documents that must be filed under the provisions of particular statutes, *e.g.*, Ark. Stat. Ann. § 34-2617 (Supp. 1985) (notice of intent to sue in medical malpractice proceedings).

### Rule 6, Ark. R. Civ. P.

Rule 6 of the Arkansas Rules of Civil Procedure is amended as follows:

By deleting from the third sentence of subsection (a) the phrase "seven (7) days" and substituting "eleven (11) days."

The following addition is made to the Reporter's Notes accompanying Rule 6:

*Addition to Reporter's Note, 1986 Amendment*: Rule 6(a) is amended, consistently with the federal rule, to extend the exclusion of intermediate Saturdays, Sundays, and legal holidays to the computation of time periods less than 11 days. Under the former version of the rule, parties bringing motions under rules with 10-day periods could have as few as five working days to prepare their motions.

### Rule 11, Ark. R. Civ. P.

Rule 11 of the Arkansas Rules of Civil Procedure is amended to read as follows:

#### Signing of Pleadings, Motions, and Other Papers; Sanctions

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically

provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The following addition is made to the Reporter's Note accompanying Rule 11:

*Addition to Reporter's Note, 1986 Amendment*: Rule 11 has been completely rewritten. It is now substantially identical to Federal Rule 11, as amended in 1983. As adopted in 1979, Arkansas Rule 11 was virtually identical to its federal counterpart, providing for the striking of pleadings and imposition of disciplinary sanctions to check abuses in the signing of pleadings. Experience under original Rule 11 in the federal courts demonstrated that the rule was not effective in deterring abuses, and confusion existed as to the circumstances that could trigger striking a pleading or taking disciplinary action, the standard of conduct expected of attorneys who sign pleadings and other papers, and the range of available sanctions. The amended rule is intended to reduce the reluctance of the courts to impose sanctions by emphasizing the responsibilities of the attorney and reenforcing those obligations by the imposition of sanctions.

As amended, Rule 11 expressly applied to pleadings, motions, and other papers. It therefore includes discovery requests, discovery motions, and any other paper that must be filed and

served under Rule 5, Ark. R. Civ. P. Moreover, amended Rule 11 provides that, in addition to disciplinary sanctions, the trial judge may impose other sanctions upon an offending attorney, including a reasonable attorney's fee for the opposing party. The assessment of attorney's fees for violation of procedural rules is currently found in other Rules of Civil Procedure, *e.g.*, Rules 37(a)-(d), 56(g), and 26(b) & (c).

Amended Rule 11 states that the signature of an attorney constitutes a certificate by him "that to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." This language is substantially stronger than in the former rule. In addition, the recently adopted Arkansas Rules of Professional Conduct emphasize that a lawyer may not ethically bring or defend a proceeding or an issue unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. *See* Rule 3.1, Arkansas Rules of Professional Conduct.

Under the former version of Rule 11, the signature of an attorney certified that the suit or motion was not interposed for purposes of delay. The new rule is broader in stating that the pleading, motion or other paper "is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." This provision is consistent with the newly adopted ethical rules. For example, Rule 3.2 of the Arkansas Rules of Professional Conduct provides that a lawyer "shall make reasonable efforts to expedite litigation consistent with the interest of the client."

### Rule 30, Ark. R. Civ. P.

Rule 30 of the Arkansas Rules of Civil Procedure is amended by adding the following new subsection (b)(7):

(b) * * *

(7)   The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone. For purposes of these rules, a deposition by telephone is taken at the place where the deponent is to answer questions propounded to him.

The following addition is made to the Reporter's Note

accompanying Rule 30:

*Addition to Reporter's Note, 1986 Amendment*: New subsection (b)(7) is based upon the corresponding federal rule. Although depositions by telephone have been available by stipulation under Rule 29, this subsection authorizes that method by order of the court as well. The second sentence of the new subsection, under which the telephone deposition is deemed "taken" at the place where the witness is to answer the questions (rather than the place where the questions are propounded), is necessary as a definitional provision in light of other rules involving the place of a deposition. *See* Rules 37(a)(1), 37(b)(1), and 45(d).

### *Rule 36, Ark. R. Civ. P.*

Rule 36 of the Arkansas Rules of Civil Procedure is amended by adding the following as new subsection (c):

> (c)  Requests for admissions must be filed in a separate document so titled and shall not be combined with interrogatories, document production requests, or any other material.

The following addition is made to the Reporter's Note accompanying Rule 36:

*Addition to Reporter's Note, 1986 Amendment*: Under new subsection (c), it is impermissible to combine requests for admissions with interrogatories or other discovery devices. The amendment is consistent with the practice followed in the Arkansas federal courts. *See* Rule 15(e), Rules of the U.S. District Courts for the Eastern and Western Districts of Arkansas (as amended effective May 1, 1985).

### *Rule 45, Ark. R. Civ. P.*

Rule 45 of the Arkansas Rules of Civil Procedure is amended as follows:

(1) By deleting the first sentence of subsection (c) and substituting the following:

> A subpoena may be served by the sheriff of the county in which it is to be served, by his deputy, by any other person who is not a party and is not less than 18 years of age, or by mail in the same manner permitted for service of process

pursuant to Rule 4(d)(8).

(2) By deleting the second paragraph of subsection (c) and substituting the following:

> A witness, regardless of his county of residence, shall be obligated to attend for examination on trial of a civil action in the State of Arkansas when properly served with a subpoena at least five (5) days prior to the trial; provided, however, that the witness must be paid or tendered at the time and place of trial reasonable expenses for loss of time based on the witness' present earnings or $30 per day for his attendance, whichever is greater, and $0.20 per mile for travel from his home to the place of trial. Should a continuance in the cause be granted and the witness be provided adequate notice thereof, reservice of the sub-poena shall not be necessary. If now exempt by law from personal attendance at trial, the witness shall be required to give his deposition in accordance with subsection (d) of this rule.

(3) By deleting "three (3) days" in the last paragraph of subsection (c) and substituting "five (5) days."

(4) By adding the following new sentence at the end of the first paragraph of subsection (d):

> The witness must be properly served at least five (5) days prior to the date of the deposition, unless the court grants leave for a subpoena to be issued within that period. The witness must be paid or tendered at the time of deposition reasonable expenses for loss of time based on the witness' earnings or $30 per day for his attendance, whichever is greater, and $0.20 per mile for travel from his home to the place of deposition.

Ark. Stat. Ann. § 28-524 (Repl. 1979), is deemed super-seded to the extent that it conflicts with this rule.

The following addition is made to the Reporter's Note accompanying Rule 45:

*Addition to Reporter's Note, 1986 Amendment*: Rule 45(c) is substantially revised. The 1986 amendment changes prior Arkansas practice by permitting any person who is not a party and is not less than 18 years of age to serve a subpoena, thus

adopting the federal practice. Moreover, the amended rule permits service of a subpoena by mail in the same manner as service of process under Rule 4(d)(8). The 1986 amendment also eliminates the distinction between witnesses residing in the county of trial and those residing outside the county. All witnesses must be served at least five days prior to trial, unless the court grants leave to allow service within that period, and all must be paid the same attendance fee and travel expenses. These fees, specified in the amended rule, must be paid at the time of trial, a change from the prior practice of requiring payment or tender of the fees at the time of service. Rule 45(c) also now makes plain that reservice of the subpoena is not necessary if a continuance is granted in the matter and the witness is given sufficient notice prior to his attendance. In that situation, the witness would be compelled to attend trial on the new date, and a new subpoena would not be required. Subsection (d) is also amended to make plain that the five-day minimum for service and the attendance and travel fee requirements apply to subpoenas for taking depositions as well as to subpoenas for appearance at trial. However, there is no change in the requirement that a deposition witness can be deposed only in the county where he resides, is employed, or transacts his business in person, absent a court order.

### *Rule 72, Ark. R. Civ. P.*

The Arkansas Rules of Civil Procedure are amended by adding the following as new Rule 72, which supersedes Ark. Stat. Ann. § 27-402 (Supp. 1985):

### Rule 72.
### SUITS IN FORMA PAUPERIS

(a) Every indigent person not being of ability to sue, who shall have a cause of action against another, may petition the court in which the action is pending, or in which it is intended to be brought, for leave to prosecute his suit in forma pauperis and to have counsel assigned to conduct his suit.

(b) All such petitions shall be accompanied by an assertion of indigency, verified by a supporting affidavit. The affidavit form will be provided by the court for such purposes. Any petition not in compliance with this provision will be returned to the petitioner.

(c) The court to which such petition is presented, if satisfied of the facts alleged that the petitioner has a colorable cause of action, may by order allow him to prosecute his suit in forma pauperis and may assign him counsel, who shall do his duty therein without taking any fee or reward therefor.

(d) Every person so permitted to proceed in forma pauperis may prosecute his suit without paying any fees to the officers of the court, and shall not be prevented from prosecuting the same by reason of his being liable for the costs of a former suit brought by him against the same defendant.

(e) No person shall be permitted to prosecute any action of slander, libel or malicious prosecution in forma pauperis.

(f) If the person proceeding in forma pauperis is guilty of any improper conduct in the prosecution of his suit, or of any wilful or unnecessary delay, the court may, in its discretion, annul the order permitting him to proceed in forma pauperis. The petitioner shall thereafter be deprived of all privileges conferred by such order.

The following Reporter's Note is adopted to accompany the rule:

*Reporter's Note.* New Rule 72 tracks, with minor linguistic changes, the former statutory provisions governing suits by indigents. These statutes, Ark. Stat. Ann. §§ 27-401, 27-403—27-406 (Repl. 1979), were repealed by Act 208, 75th General Assembly, 1985. Section 27-402, adopted in 1981 to replace an earlier provision, was not repealed; however, it is superseded by this rule, which adopts the requirements of section 27-402 as subsection (b). The rule does not change prior Arkansas law.

## Rule 3, Ark. R. App. P.

Rule 3 of the Arkansas Rules of Appellate Procedure, is amended by adding the following at the end of subsection (b):

(b) * * * Failure of the appellant or cross appellant to take any further steps to secure review of the judgment or decree appealed from shall not affect the validity of the appeal or cross appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal or cross appeal. If,

however, the record on appeal has not been filed pursuant to Rule 5, the parties, with the approval of the trial court, may dismiss an appeal or cross appeal by stipulation filed in that court, or that court may dismiss an appeal or cross appeal upon appropriate motion and notice by either party.

The following addition is made to the Reporter's Note accompanying Rule 3:

*Addition to Reporter's Note, 1986 Amendment.* Rule 3(b) is amended to incorporate provisions of statutes superseded when the rules of appellate procedure were adopted. The revised rule makes plain that the appellate court may, in its discretion, dismiss an appeal if the appellant has not taken the appropriate steps to secure review after filing the notice of appeal. However, if the record has not yet been filed in the appellate court, the trial court may dismiss the appeal upon stipulation of the parties or upon motion of either party. With respect to the latter provision, the rule represents a slight change in prior practice, under which dismissal in the trial court was by stipulation only and an appellee was required to file a partial record in the appellate court in order to move for dismissal there. *See Norfleet* v. *Norfleet,* 223 Ark. 751, 268 S.W.2d 387 (1954). Leaving the matter to the trial court when no record on appeal has been filed is consistent with Rule 5, which permits the trial court to extend the time for filing the record, and is perceived as less expensive and cumbersome than the prior practice.

### *Rule 4, Ark. R. App. P.*

Rule 4 of the Arkansas Rules of Appellate Procedure is amended as follows:

(1) By adding the following at the end of subsection (a):

(a) * * * Upon a showing of failure to receive notice of entry of the judgment, decree or order from which appeal is sought, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed sixty (60) days from the expiration of the time otherwise prescribed by these rules. Such an extension may be granted before or after the time otherwise prescribed by these rules has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem

appropriate.

(2) By inserting the word "or" after the phrase "under Rule 52(b)," in subsection (b) and deleting the phrase "or of a motion to alter or amend a judgment under Rule 59(f)," in the same subsection.

The following addition is made to the Reporter's Note accompanying Rule 4:

*Addition to Reporter's Note, 1986 Amendment:*

Rule 4(a) is amended to empower the trial court to extend the time for filing a notice of appeal when the party has not received notice of the entry of the judgment or order from which he seeks to appeal. The amendment represents a narrow exception to the rule that the filing of a notice of appeal is jurisdictional and, unless timely filed, there can be no appeal. *White* v. *Avery*, 226 Ark. 951, 291 S.W.2d 364 (1956). The change was deemed necessary to ensure fairness when counsel has not received notice of the entry of the judgment or other appealable order. *Cf. Karam* v. *Halk*, 260 Ark. 36, 537 S.W.2d 797 (1976). Although under longstanding Arkansas custom opposing counsel have been given an opportunity to approve a judgment or order prepared by opposing counsel, circumstances have arisen where counsel did not receive that opportunity and did not otherwise receive notice that a judgment had been entered.

The reference in Rule 4(b) to Rule 59(f), Ark. R. Civ. P., was rendered obsolete when Rule 59(f) was deleted in 1983. *See* Reporter's Note, Rule 59(f). Moreover, a new Rule 59(f) was added in 1984, thus making the reference in Rule 4(b) even more confusing. This amendment deletes the language referring to Rule 59(f).

*Rule 5, Ark. R. App. P.*

Rule 5 of the Arkansas Rules of Appellate Procedure is amended by adding the following sentence before the last sentence in subsection (b):

An appeal from an order disposing of a postjudgment motion under Rule 4 brings up for review the judgment, decree and any intermediate order involving the merits and necessarily affecting the judgment, as well as the order appealed from.

The following addition is made to the Reporter's Note accompanying Rule 5(b):

*Addition to Reporter's Note, 1986 Amendment*: The new language is designed to address a problem stemming from the relationship between Appellate Rules 4 and 5. Under prior practice and under certain circumstances, Rule 5 required that the record on appeal be filed before Rule 4(c) required the filing of a notice of appeal in the trial court. *See Yent v. State*, 279 Ark. 268, 650 S.W.2d 577 (1983) (concurring opinion). While the most recent amendment to Rule 5(b) was aimed at this anomaly, difficulties persist when the postjudgment motion is (1) limited to a single issue, although other errors are to be presented on appeal, and (2) the trial court properly takes under advisement such a motion. In such a situation, counsel for the appellant must lodge the record on appeal within seven months from the date of the original judgment in order to preserve an error not raised in the motion for new trial, even though the time for filing the notice of appeal would not begin to run until disposition of the motion, which under Rule 4(c) could occur more than seven months after entry of judgment. Under the amended rule, however, an appeal from the order disposing of the motion raises not only the issue presented by the motion, but also other issues properly preserved at trial. The time for filing the record on appeal would run from disposition of the motion.