William Leroy DANIELS *v*. STATE of Arkansas

CR 99-654                                      5 S.W.3d 1

Supreme Court of Arkansas
Opinion delivered June 30, 1999

*John M. Blair*, for appellant.

No response.

P ER CURIAM. On September 3, 1998, appellant was convicted of sexual abuse in the first degree, and judgment was entered on October 16, 1999. Appellant's attorney, John M. Blair, filed a timely amended notice of appeal and designation of the record on November 2, 1998. On January 26, 1999, counsel for appellant filed a motion for extension of time to lodge the record on appeal. Circuit Judge Tom J. Keith signed an order extending the time for filing the record to June 2, 1999, which is more than seven months from the date of the conviction judgment entered on October 16, 1999. The appellate rules in relevant part provide that the time for filing a record shall not be extended more than seven months from the entry of judgment. Ark. R. App. P.—Civil 5(b); Ark. R. App. P.—Criminal 4. The

clerk's office refused to accept appellant's record because it was late. *See Yent v. State*, 279 Ark. 268, 650 S.W.2d 577 (1983).

A motion for rule on the clerk has been filed on behalf of appellant to compel the clerk's office to accept the record. In his motion, appellant states the record was not tendered too late for filing because the trial court entered an order within the original time period permitting additional time for filing the record.

■ ■ This court has held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *See e.g., Tarry v. State*, 288 Ark. 172, 702 S.W.2d 804 (1986). Here, the attorney does not admit fault on his part, but instead states that he is entitled to have the record filed because the trial court entered an order extending the time to June 2, 1999. Placing the responsibility on the trial court is not acceptable. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Clark v. State*, 289 Ark. 382, 711 S.W.2d 162 (1986); *see also Morris v. Stroud*, 317 Ark. 628, 883 S.W.2d 1 (1994); *Perry v. State*, 287 Ark. 384, 699 S.W.2d 739 (1985) (the rule of law is clear that it is the duty of counsel, not the judge, not the clerk, not the reporter, to perfect an appeal). Therefore, appellant's motion must be denied.

Appellant's attorney shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for not timely filing the transcript, and upon filing same, the motion will be granted and a copy of the opinion forwarded to the Committee on Professional Conduct.