Kim BEAVERS v. STATE of Arkansas

CR 00-615                                    19 S.W.3d 23

Supreme Court of Arkansas
Opinion delivered June 15, 2000

*Clay Law Firm*, by: *Alvin D. Clay*, for appellant.

No response.

PER CURIAM. Appellant Kim Beavers was convicted of aggravated robbery and theft of property, and judgment was entered on February 2, 2000. Appellant's attorney, Alvin D. Clay, filed a notice of appeal on February 15, 2000. Then, on February 17, the trial court entered an amended order to reflect the correct sentence imposed. Mr. Clay filed a second notice of appeal on March 31, 2000. On that same day, Mr. Clay also filed a motion with the trial court requesting that his client be declared indigent for purposes of pursuing the appeal. The trial court denied this motion on April 3, 2000.

Mr. Clay states that he filed a motion with the trial court on May 15, 2000, the same day that the record was due to this court, seeking an extension of time to file the record due to the financial conditions of his client. According to Mr. Clay, the trial court denied his motion for an extension of time. Thereafter, he attempted to obtain a partial record from the Pulaski County Circuit Clerk's Office but was unable to do so because the only person who knew where the partial record was located was out of the office. In support of this motion, Mr. Clay has attached the affidavit of Marilyn Dedmon, the appeals transcript clerk for the Pulaski County Circuit Clerk's office, as an exhibit to Appellant's motion. In her affidavit, Ms. Dedmon does state that she was out of the office on May 15, and that Mr. Clay did attempt to obtain a partial record in the case on that date. Ms. Dedmon also states, however, that she had attempted to reach Mr. Clay on May 3, 2000, and again on May 9, 2000, to notify him that the appeal transcript was ready to be picked up.

A motion for a rule on the clerk has now been filed on Appellant's behalf to compel the clerk's office to accept the record. In the motion, Mr. Clay avers that the inability of the Pulaski County Circuit Clerk's office to locate the partial record on May 15, 2000, precluded him from filing the appropriate petitions with this court.

This court has long held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *See e.g. Tarry v. State*, 288 Ark. 172, 702 S.W.2d 804 (1986). Here, Mr. Clay does not admit

fault, but instead places blame on the circuit clerk's office. Such a tactic is unacceptable. We have held that a statement that it was someone else's fault or no one's fault will not suffice. *Damiels v. State*, 338 Ark. 328, 5 S.W.3d 1 (1999). Furthermore, this court has held that the attorney is responsible for filing the record and cannot shift that responsibility to the trial judge, the court reporter, or the clerk of the lower court. *Lewis v. State*, 295 Ark. 165, 747 S.W.2d 91 (1988). Because, Mr. Clay fails to accept responsibility for not filing the record within the required time, Appellant's motion must be denied.

■ Appellant's attorney shall file within thirty days from the date of this *per curiam* order a motion and affidavit in this case accepting full responsibility for not timely filing the notice of appeal, and upon filing same, the motion for belated appeal will be granted and a copy of the opinion will be forward to the Committee on Professional Conduct.

Motion denied.