Ronald OWEN *v.* STATE of Arkansas

CR 00–820                                   26 S.W.3d 122

Supreme Court of Arkansas
Opinion delivered September 7, 2000

*Randel Miller,* for appellant.

No response.

PER CURIAM. Appellant Ronald Owen was convicted of possession of methamphetamine with intent to deliver, possession of drug paraphernalia with intent to manufacture methamphetamine, and possession of marijuana with intent to deliver, and judgment was entered on November 17, 1999. Appellant timely filed his Notice of Appeal on November 29, 1999, and the record was accordingly due to be filed on February 28, 2000. Appellant then sought, and obtained, and extension of the time to file the record from February 28, 2000, to May 28, 2000. On May 26, 2000, the trial court again extended the time to file the record from May 28, 2000, to June 27, 2000.

Appellant's counsel, Randel Miller, attempted to file the record of appeal with the Clerk of this court on June 26, 2000. The Clerk correctly refused to accept the record, stating that it had not been filed in a timely manner. Rule 5 of the Rules of Appellate

Procedure—Civil (2000) provides that in no event shall the time for filing of the record be extended more than seven months from the date of the entry of judgment. A motion for a rule on the clerk has now been filed on appellant's behalf to compel the clerk's office to accept the record. In his motion, Mr. Miller disagrees that the record has not been timely filed.

This court has long held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *Beavers v. State*, 341 Ark. 649, 19 S.W. 3d 23 (2000). Here, Mr. Miller does not admit fault, but instead disagrees with the Clerk's computation of time for filing of the record. We have held that a statement that it was someone else's fault, or no one's fault, will not suffice. *Id.* Furthermore, this court has held that the attorney is responsible for filing the record and cannot shift that responsibility to another. *Id.* Because Mr. Miller fails to accept responsibility for not filing the record within the required time, appellant's motion must be denied.

Appellant's attorney shall file within thirty days from the date of this *per curiam* order a motion and affidavit in this case accepting full responsibility for not timely filing the record in this case, and upon filing same, the motion for rule on the clerk to accept the record will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

Motion denied.