Timothy HOUFF *v.* STATE of Arkansas

CR 01-595 45 S.W.3d 386

Supreme Court of Arkansas
Opinion delivered June 14, 2001

 

*Kelly J. Adkins*, for appellant.

No response.

PER CURIAM. Appellant Timothy Houff, by and through his attorney, Kelly J. Adkins, has filed a motion for rule on the clerk. The record reflects that Appellant was convicted of two counts of residential burglary, one count of breaking and entering, and one count of theft of property after a bench trial that was held on September 11, 2000. On October 2, 2000, Appellant was orally sentenced to serve a total of forty-two months in the Arkansas Department of Correction. Appellant filed a notice of appeal on October 3, 2000. The judgment and commitment order, however, was not filed until October 18, 2000. Pursuant to Ark. R. App. P.-Crim. 2(b)(1), the notice of appeal is treated as timely filed on October 19, 2000.

On November 29, 2000, the trial court entered an order extending the time to file the record on appeal until May 17, 2001. The record was not tendered with this court's clerk until May 21, 2001. Appellant's counsel admits that the record was not timely filed; however, she does not accept responsibility for tendering the record late. Instead, she states only that the record was not ready until the afternoon of May 16, and that she was out of town on May 17.

 This court will grant a motion for rule on the clerk in criminal cases when the attorney admits that the record was not timely filed due to an error on his or her part. *Beavers v. State*, 341 Ark. 649, 19 S.W.3d 23 (2000) *(per curiam)* (citing *Tarry v. State*, 288 Ark. 172, 702 S.W.2d 804 (1986) *(per curiam)*). A statement that it was someone else's fault or no one's fault will not suffice. *Id.* The attorney is responsible for filing the record and cannot shift that responsibility to the trial judge, the court reporter, the clerk of the lower court, or anyone else. *Id.* Because Ms. Adkins fails to accept responsibility for not filing the record within the required time, Appellant's motion must be denied.

 Appellant's attorney shall file within thirty days from the date of this *per curiam* order a motion and affidavit in this case

accepting full responsibility for not timely filing the notice of appeal. Upon filing same, the motion for rule on the clerk will be granted, and a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (*per curiam*).