Robert McINTOSH *v.* STATE of Arkansas

02-1266                                        92 S.W.3d 46

Supreme Court of Arkansas
Opinion delivered December 12, 2002

*McCullough Law Firm*, by: *R.S. McCullough*, for appellant.

Pᴇʀ Cᴜʀɪᴀᴍ. Appellant Robert McIntosh, by and through his attorney, R.S. McCullough, has filed a motion for rule on the clerk. In actuality, however, the motion merely asks this court to "direct the Perry County Circuit Clerk to correctly compute the fee for this matter and to present the record to appellant or otherwise make the same available for appellant to be able to prosecute an appeal of this matter." The essence of this motion is Appellant's claim that the clerk was attempting to charge him a double fee for preparing the record in this case.

The response, filed by Perry County Circuit Clerk Barbara Lovell, reflects that the transcript was available to be picked up by Mr. McCullough on August 7, 2002, and that Ms. Lovell notified Mr. McCullough's office on that same date. The response also

reflects that no one even attempted to pick up the record before the deadline of August 10, 2002. The response reflects further that Ms. Lovell never indicated to Mr. McCullough or Appellant that the fee had to be paid before the transcript would be delivered. Finally, the response reflects that the transcript was delivered to Mr. McCullough on November 8, 2002, one day after Appellant filed this motion with our court clerk.

This court has repeatedly held that it will grant a motion for rule on the clerk in criminal cases when the attorney admits that the record was not timely filed due to an error on his or her part. *Lewis v. State*, 347 Ark. 438, 64 S.W.3d 753 (2002) (*per curiam*); *Henderson v. State*, 345 Ark. 355, 45 S.W.3d 846 (2001) (*per curiam*); *Houff v. State*, 345 Ark. 287, 45 S.W.3d 386 (2001) (*per curiam*). A statement that it was someone else's fault or no one's fault will not suffice. *Id.* The attorney is responsible for filing the record and cannot shift that responsibility to the trial judge, the court reporter, the circuit clerk, or anyone else. *Id.*

Here, Mr. McCullough acknowledges that the record has not yet been filed; however, he attempts to justify this failure by blaming the circuit clerk for charging too high a fee for the transcript. Accordingly, because Mr. McCullough fails to accept responsibility for not filing the record within the required time, Appellant's motion must be denied.

Appellant's attorney shall file within thirty days from the date of this *per curiam* order a motion and affidavit accepting full responsibility for not timely filing the record in this case. Upon filing same, the motion for rule on the clerk will be granted, and a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (*per curiam*).