Tracy Donell SIMMONS *v.* STATE of Arkansas

CR 02-1369                                    . 94 S.W.3d 911

Supreme Court of Arkansas
Opinion delivered January 16, 2003

*Boyd & Buie,* by: *Rufus T. Buie, III,* for appellant.

No response.

P ER CURIAM. Appellant Tracy Donell Simmons entered a conditional plea of guilty to the offense of possession of cocaine pursuant to Ark. R. Crim. P. 24.3, while reserving the right to appeal from the circuit court's denial of his motion to suppress. The judgment and commitment order was entered on May 22, 2002. Notice of appeal was timely filed on June 20, 2002. Appellant's counsel, Boyd & Buie, through Rufus T. Buie, III, has now filed a Motion for Rule on the Clerk, asking that this

court order that the record in this case be filed by the Clerk of the Court.

■ The Clerk correctly refused to accept the record on the ground that the record was not submitted on or before December 17, 2002, as set forth in the circuit court's original order extending the time for the filing of the record. This court has long held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *Beavers v. State*, 341 Ark. 649, 19 S.W.3d 23 (2000). Here, Mr. Buie does not admit fault, but rather urges this court to find that the circuit court erred in its order extending the time to file the record with the Clerk of the Arkansas Supreme Court "up to and including seven months from disposition of the post-trial motions which is December 17, 2002," because seven months from the date of the judgment would result in a due date of December 22, 2002.

■ We decline to make the requested finding, especially in view of the fact that appellant's own motion for an extension of time to file the record sought an extension of time to a specific date — December 17, 2002.[1] Rule 5(b) of the Arkansas Rules of Appellate Procedure—Civil provides in relevant part that "[i]n no event will the time [for filing the record on appeal] be extended more than seven (7) months from the date of the entry of the judgment, decree, or order, or from the date on which a timely postjudgment motion under Rule 4(b) is deemed to have been disposed of under Rule 4(c), whichever is later." Ark. R. App. P—Civ. 5(b) (2002).[2] Thus, the circuit court may extend the time to file the record to any date *within* the seven-month maximum period allowed by Ark. R. App. P.—Civ. 5(b).

■ ■ We have held that a statement by an attorney that failure to timely file a record on appeal was someone else's fault,

---

[1] The record shows that Christina Boyd, of Boyd & Buie, was the attorney of record who filed the motion for extension of time to file the record and approved the circuit court's order extending the time to December 17, 2002. However, neither Ms. Boyd nor Mr. Buie has accepted responsibility for the failure to file the record by December 17, 2002.

[2] Pursuant to Ark. R. App. P.—Crim. 4(a) (2002), the docketing of the record is governed by the Arkansas Rules of Appellate Procedure—Civil.

or no one's fault, will not suffice. *Beavers v. State*, 341 Ark. 649, 19 S.W.3d 23 (2000). Furthermore, this court has held that the attorney is responsible for filing the record and cannot shift that responsibility to another. *Id.* Because neither Mr. Buie nor Ms. Boyd accepts responsibility for not filing the record within the required time, appellant's motion must be denied.[3]

Appellant's attorney shall file within thirty days from the date of this *per curiam* order a motion and affidavit in this case accepting full responsibility for not timely filing the record in this case, and upon filing same, the motion for rule on the clerk to accept the record will be granted and a copy of the opinion will be forwarded to the Committee on Professional Conduct.

Motion denied.

---

[3] We note that the circuit court's order granting appellant's motion to modify order extending time for filing record was not timely filed; that is, it was not "entered before the expiration of the period for filing as originally prescribed or extended by a previous order." Ark. R. App. P.—Civ. 5(b).