Billy WELCH *v.* STATE of Arkansas

CR 03-539 111 S.W.3d 378

Supreme Court of Arkansas
Opinion delivered June 12, 2003

*Jack R. Kearney*, for appellant.

No response.

PER CURIAM. Appellant Billy Welch was convicted in Dallas County Circuit Court of the charges of possession with intent to deliver crystal methamphetamine, felon in possession of a firearm, simultaneous possession of drugs and a firearm, and possession of drug paraphernalia. Following an affirmance of his convictions, the appellant filed a petition for relief based on Ark. R. Crim. P. 37, claiming ineffective assistance of counsel. A hearing on this petition was held on April 22, 2002,

and the trial court entered an order December 26, 2002, denying the petition.

The appellant, through his attorney, Jack R. Kearney, timely filed a notice of appeal and designation of record on January 3, 2003. The appellant tendered a partial record on April 30, 2003, which the clerk refused to accept because it was not tendered in conformance with Ark. R. App. P.—Civ. 5(a) and (b) (2002). Rule 5(a) provides in pertinent part as follows:

> The record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as hereinafter provided.

Ark. R. App. P.—Civ. 5(a) (2002). Rule 5(b) provides in pertinent part as follows:

> In cases where there has been designated for inclusion any evidence or proceeding at trial or hearing which was stenographically reported, the circuit court, upon finding that a reporter's transcript of such evidence or proceeding has been ordered by appellant, and upon a further finding that an extension is necessary for the inclusion in the record of evidence of proceedings stenographically reported, may extend the time for filing the record on appeal, *but the order of extension must be entered before the expiration of the period for filing as originally prescribed or extended by a previous order.*

Ark. R. App. P.—Civ. 5(b) (2002) (emphasis added).

Pursuant to Rule 5(a), the appellant should have tendered his record by April 3, 2003, which was ninety days after the notice of appeal was filed. He did not do so. Rule 5(b) allows for a later filing, but only if an order of extension has been entered before the expiration of the ninety-day period mentioned in Rule 5(a). There was no such order in the record that the appellant requested the clerk to accept on April 30, 2003.

The appellant then filed a motion for rule on clerk on May 14, 2003, stating that an extension order had been granted by the

trial court in this case, and asking that the clerk be directed to file the record and docket the case. At the same time, the appellant filed a motion to complete and settle the record on appeal, and he also attached an order dated April 1, 2003, and signed by the trial court, giving the appellant until May 1, 2003, to have the record prepared and filed with the clerk. However, the copy of the April 1 order provided by the appellant is not file-stamped, nor is there any indication that it was entered within the requisite ninety-day period. An order is not entered when signed, but is entered only when filed with the court clerk. As such, this order is ineffective to extend the time to tender the record to the clerk.

 This court has long held that we will grant a motion for rule on clerk when the attorney admits that the record was not timely filed due to an error on his part. *Smith v. State*, 351 Ark. 562, 97 S.W.3d 385 (2003); *Owen v. State*, 342 Ark. 6, 26 S.W.3d 122 (2000). Here, Mr. Kearney does not admit fault, but states he was not late in filing the record, relying on what appears to be an unfiled, ineffective extension order.

 We have held that an attorney's statement that it was someone else's fault, or no one's fault, that a record was submitted untimely will not suffice. *See Smith v. State, supra.* Furthermore, this court has held that the attorney is responsible for filing the record and cannot shift that responsibility to another. *Smith v. State, supra.* Because Mr. Kearney fails to accept responsibility for not filing the record within the required time, the appellant's motion must be denied.

The appellant's attorney shall file within thirty days from the date of this *per curiam* order a motion and affidavit in this case accepting full responsibility for not timely filing the record in this case, and upon filing same, the motion for rule on clerk to accept the record will be granted.

Motion denied.

CORBIN, J., not participating.