Robert McINTOSH *v.* STATE of Arkansas

02-1266                                      210 S.W.3d 72

Supreme Court of Arkansas
Opinion delivered June 9, 2005

Appellant, *pro se*.

No response.

PER CURIAM. Appellant Robert McIntosh has filed a *pro se* motion for rule on clerk. Appellant was convicted of domestic battery in the third degree and sentenced to one year's incarceration. The full procedural history of this case is set out in *McIntosh v. State*, 351 Ark. 322, 92 S.W.3d 46 (2002) (*per curiam*) (*McIntosh I*), *McIntosh v. State*, 02-1266 (Ark. September 16, 2004) (*per curiam*) (*McIntosh II*), and *McIntosh v. State*, 359 Ark. 159, 194 S.W.3d 769 (2004) (*per curiam*) (*McIntosh III*). The pertinent facts are that the judgment of conviction was entered on January 14, 2002. Retained attorney Rickey H. Hicks filed a timely notice of appeal on February 8, 2002. However, Hicks took no further action to perfect the appeal, nor did he seek permission to withdraw from McIntosh's case.

On February 19, 2002, retained attorney R. S. McCullough filed an entry of appearance in this case. Mr. McCullough did not lodge the record on time, and he subsequently filed a motion for rule on clerk. This court denied the motion because Mr. Mc-Cullough appeared to justify the failure to lodge the record by blaming the circuit clerk. *See McIntosh I.* This court also ordered Mr. McCullough to file within thirty days from the date of our

order a motion and affidavit accepting responsibility for failing to lodge the record on time. This court indicated that upon receipt of the motion and affidavit, we would grant the motion for rule on clerk.

Mr. McCullough did not comply with our *per curiam* order. In the meantime, however, appellant filed this *pro se* motion for rule on clerk. In *McIntosh II*, this court ordered both Mr. Hicks and Mr. McCullough to appear before this court and show cause as to why they should not be held in contempt for failing to perfect the appeal in this case. Our *per curiam* order reflected that we would decide the *pro se* motion for rule on clerk after counsel had appeared.

Both attorneys appeared as ordered on September 30, 2004, and both entered pleas of not guilty and requested a hearing. This court then appointed a special master to conduct the hearing and make findings of fact. *See McIntosh III*. After two continuances were granted by the master, the hearing was reset for April 18, 2005, and all parties were notified. On that date, only Mr. McCullough appeared; his earlier counsel, Darrell Brown, was ill and unable to attend. During the April 18th hearing, Mr. Mc-Cullough produced the record which was then delivered to the Clerk of the Supreme Court. Mr. McCullough found the record in a mislabeled box.

The master found that both Mr. Hicks and Mr. McCullough represented Mr. McIntosh in this appeal, and neither had ever sought to be relieved. However, Mr. McCullough took the lead after entering his appearance.

Mr. McCullough testified that he believed the Perry County Circuit Clerk's charge for the transcript to be unfair. This court treated Mr. McCullough's motion for rule on clerk as a motion to lodge the record and denied it, directing him to file a motion and affidavit accepting full responsibility for failing to file a timely record. Mr. McCullough viewed this court's order as unfair, stating that he believed that the fault was not his, but the clerk's.

While the master stated that he had some sympathy for Mr. McCullough's position in regard to the circuit clerk, the master said he did not understand why he could not have filed a copy of the circuit court's judgment as a partial record, and then proceeded to resolve the fee dispute. The master stated that he could only infer that Mr. McCullough did not know that this was a proper way to proceed.

The master concluded that Mr. McCullough's failure to proceed properly was more a matter of not knowing what to do, rather than a matter of blatant disrespect for the orders of this court, but the master could not accept as adequate Mr. McCullough's reasons for refusing to follow the directives of the court in order to perfect his client's appeal. He added that Mr. McCullough suffers from depression and has been diagnosed with ADD and OCD.

The master made no other finding specifically stating which attorney was responsible for perfecting Mr. McIntosh's appeal. One reason for the incomplete resolution of this issue may be that Mr. Hicks failed to appear at the April 18th hearing, even though he had been notified. This court also has now learned that Mr. Hicks is not now permitted to represent Mr. McIntosh because he has been suspended from practicing law for failure to pay his bar dues. Mr. McCullough has a similar problem, since he is suspended pending disbarment proceedings.

At this stage of the litigation, Mr. McIntosh may hire other counsel or, if he is indigent, he can fill out an affidavit to proceed *in forma pauperis* and a new attorney can be appointed for him. In any event, Mr. McCullough and Mr. Hicks are removed as attorneys in the litigation and appeal. A copy of this *per curiam* will be forwarded to the Professional Conduct Committed for any action which it deems should be taken. The two attorneys are assessed the costs of the hearing before the master, and Mr. Hicks is sanctioned and directly ordered to pay an additional fine of $250.00 for his failure to appear at the April 18th hearing.

Mr. McIntosh has thirty (30) days from receiving this *per curiam* to obtain counsel to represent him in this matter, or this appeal will be dismissed.