**Broderick COLLIER, Petitioner**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Respondent.**

No. 4:05CV00515 JLH/HLJ.

United States District Court,
E.D. Arkansas,
Western Division.

Dec. 9, 2005.

John Wesley Hall, Jr., Patrick J. Benca, Law Offices of John W. Hall, Jr., Little Rock, AR, for Petitioner.

Lauren Elizabeth Heil, Arkansas Attorney General's Office, Little Rock, AR, for Respondent.

### *OPINION AND ORDER*

HOLMES, District Judge.

Broderick Collier filed this petition for writ of *habeas. corpus* pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Henry L. Jones, Jr., entered proposed findings and recommendations in which he proposed that the Court find that the petition is barred by the one-year period of limitations in 28 U.S.C. § 2244(d) and recommended that the petition be dismissed with prejudice. Collier filed timely objections to the proposed findings and recommendations, so this Court must make a *de novo* determination of the issues. 28 U.S.C. § 636(b); FED.R.CIV.P. 72(b); Local Rule 72.1.VIII.

### I.

Collier was convicted of first degree murder on October 20, 1999. He was sentenced to a term of imprisonment of 40 years. The Arkansas Court of Appeals affirmed his conviction in an unpublished opinion entered on February 28, 2001.

*Collier v. State,* No. CACR00–348, 2001 WL 196953 (Ark.App. Feb. 28, 2001). The court issued its mandate on March 20, 2001.

On April 27, 2001, Collier filed a timely petition for post-conviction relief in the Circuit Court of Pulaski County under Rule 37 of the Arkansas Rules of Criminal Procedure. He also filed a petition for writ of error *coram nobis* in the Supreme Court of Arkansas. Both petitions relied on affidavits stating that impeachment evidence had been withheld from the defense, which, if true, would tend to show a violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1967), and its progeny. The Supreme Court of Arkansas denied the petition for writ of error *coram nobis* on September 20, 2001. *Collier v. State,* No. CACR00–348, 2001 WL 1104764 (Ark. Sept. 20, 2001). The court held that even if the withheld information had been disclosed at trial, "we cannot say that this fact ... would have produced a different result in light of the testimony of other witnesses who saw the shooting." *Collier,* 2001 WL 1104764, at *2. The Circuit Court of Pulaski County denied the Rule 37 petition on February 27, 2002. The court held that there was evidence favorable to Collier that was suppressed by the state but that testimony likely would not have changed the outcome of the case. On February 28, 2002, Collier filed a motion in the circuit court asking the court to reconsider the denial of the Rule 37 petition, stating that the evidence cited by the court was not in the record. On March 25, 2002, Collier filed a notice of appeal from the February 27 order. On April 24, 2002, the circuit court entered an amended order denying the petition for post-conviction relief. The amended order substantially repeated the earlier order but held that the opinion of the Arkansas Supreme Court dated September 20, 2001, established the

law of the case even though it erroneously cited Collier's wife as a witness at trial. Collier then filed a notice of appeal stating that he appealed "from the judgment entered against him in Circuit Court of Pulaski County, Arkansas, on April 24, 2002." He filed the record in the Supreme Court of Arkansas on July 24, 2002.

On appeal, Collier argued that the circuit court erred in applying the law-of-the-case doctrine and requested the Supreme Court to remand so that the trial court could determine if there was prejudice without relying on the Supreme Court's prior erroneous factual findings. On March 25, 2004, the Supreme Court of Arkansas dismissed the appeal for lack of jurisdiction. *See Collier v. State*, No. CR02–780, 2004 WL 584903 (Ark. Mar. 25, 2004). The court stated that Collier "contends only that the circuit court's law of the case ruling contained in the amended order denying relief was in error." *Collier*, 2004 WL 584903, at *2. The court also noted that Rule 37.2(d) of the Arkansas Rules of Criminal Procedure provides that a petition for rehearing is not allowed when a court denies Rule 37 relief. *Id.* After a Rule 37 petition has been denied, the petitioner may request that the order be modified to include a ruling on an omitted issue, but, the court stated, Rule 37.2(d) does not permit a petition to ask the court to reconsider its decision. *Id.* The court then held:

> After the circuit court entered its first order denying relief, appellant could have asked the court to modify its order to include a ruling on any omitted issues, such as his claims of ineffective assistance of counsel. As in *Beshears [v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000) ], however, appellant's motion for reconsideration did not request a ruling on an omitted issue. *Id.* Instead, appellant requested that the circuit court reverse itself, an act prohibited by Rule 37.2(d).

> Thus, the circuit court's amended order was void because it lacked jurisdiction to rehear appellant's petition. Consequently, this Court lacks jurisdiction to entertain this appeal from the amended order, and we dismiss the appeal.

*Collier*, 2004 WL 584903, at *2 (citations omitted). The Supreme Court of Arkansas issued its mandate on April 13, 2004. Collier filed his petition in this Court on March 24, 2005.

## II.

■ The period of limitations for this case is one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). Review of a state criminal conviction by the Supreme Court of the United States is considered direct review of the conviction. *Smith v. Bowersox*, 159 F.3d 345, 347 (8th Cir.1998). Hence:

> [T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Id.* at 348. Furthermore, the time during which a properly filed application for state post-conviction relief is pending must not be counted toward any period of limitations. 28 U.S.C. § 2244(d)(2).

Two issues are presented. The first issue is: when did the judgment of conviction become final by the conclusion of direct review or the expiration of the time

for seeking such review? The second issue is: during what period of time did Collier have a properly filed application for state post-conviction relief pending?

The resolution of the first issue depends on whether Collier could have petitioned the Supreme Court of the United States for *certiorari* immediately following the affirmance of his conviction by the Arkansas Court of Appeals, or whether he had to seek review by the Supreme Court of Arkansas before he could petition the Supreme Court of the United States for *certiorari*. The Supreme Court's jurisdiction to review judgments entered by state courts is controlled by 28 U.S.C. § 1257(a), which provides that a final judgment "rendered by the highest court of a State in which a decision could be had" may be reviewed by the Supreme Court by writ of *certiorari* if an appropriate federal question is raised. The question, then, is whether the Arkansas Court of Appeals was the highest court of Arkansas "in which a decision could be had" in Collier's appeal from his conviction. Whether the Arkansas Court of Appeals was the highest court of Arkansas in which a decision could be had on Collier's appeal of his conviction is governed by Arkansas Supreme Court Rule 1–2 and 2–4. Rule 1–2(a) provides that all cases shall be filed in the Court of Appeals except eight specified types of cases. One of the eight exceptions is for criminal appeals in which the death penalty or life imprisonment has been imposed: those are filed in the Supreme Court of Arkansas, but other criminal appeals are filed in the Court of Appeals. Collier's case was not one in which the death penalty or life imprisonment had been imposed, nor did it fit within any of the other exceptions to the general rule that appeals shall be filed in the Court of Appeals. Rule 1–2(b) provides that any case can be reassigned from the Court of Appeals to the Supreme Court if it includes an issue of first impression, an issue upon which there is a perceived inconsistency in the decisions of the Court of Appeals or the Supreme Court, an issue involving federal constitutional interpretation, an issue of substantial public interest, a significant issue needing clarification or development of the law, or a substantial question of law concerning the validity, construction, or interpretation of a statute, ordinance, or administrative rule. Rule 2–4(c) states that a party can petition the Supreme Court for review of a decision of the Court of Appeals, but the "petition for review must allege one of the following: (i) the case was decided in the Court of Appeals by a tie vote, (ii) the Court of Appeals rendered a decision which is in conflict with a prior holding of a published opinion of either the Supreme Court or the Court of Appeals, or (iii) the Court of Appeals otherwise erred with respect to one of the grounds listed in Rule 1–2(b)."

■ Collier's appeal of his conviction to the Arkansas Court of Appeals raised only one issue, *i.e.*, whether the circuit court erred by refusing to exclude certain evidence under Rules 401 and 403 of the Arkansas Rules of Evidence. Collier raised no issue that could have invoked jurisdiction of the Supreme Court of Arkansas under Rule 1–2. Nothing in the decision of the Court of Appeals could have formed the basis for a petition for review under Rule 2–4(c). Collier's lawyer could not honestly have signed a petition for review alleging any of the grounds that must be alleged under Rule 2–4(c). Consequently, the Court of Appeals was the highest court of Arkansas in which a decision could be had on Collier's appeal of his conviction. *Cf. Brown v. Texas,* 443 U.S. 47, 50, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979). *See also* David D. Siegel, *Commentary on 1988 Revision,* 28 U.S.C.A. § 1257 (West 1993). Therefore, under 28

U.S.C. § 1257(a), Collier could have petitioned the Supreme Court of the United States for writ of *certiorari* seeking review of his conviction without first petitioning the Supreme Court of Arkansas for review.

Rule 13.1 of the Rules of the Supreme Court of the United States provides that the time for filing a petition for writ of *certiorari* is 90 days after entry· of the judgment from which appeal is taken. If discretionary review is sought, the deadline is extended until 90 days after entry of the order denying discretionary review. Here, as noted, there was no good-faith basis for Collier to petition the Supreme Court of Arkansas for review under that court's Rule 2–4. The mandate of the Court of Appeals was issued on March 20, 2001, so the deadline for petitioning the Supreme Court of the United States for writ of *certiorari* was June 18, 2001. The judgment of conviction became final on June 18, 2001, for purposes of triggering the limitations period under 28 U.S.C. § 2244(d)(1)(A). The Rule 37 petition was filed on April 27, 2001, so the running of the period of limitations was already tolled under § 2244(d)(2) before the judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A).

The second issue is: how long was the period of limitations tolled under 28 U.S.C. § 2244(d)(2)? The answer depends on how long Collier had a properly filed petition for state post-conviction relief pending. As noted above, Collier's Rule 37 petition was denied on February 27, 2002. Rule 2(a) of the Arkansas Rules of Appellate Procedure—Criminal provides that a notice of appeal must be filed within 30 days from the entry of an order denying a petition for post-conviction relief under Ark. R.Crim. P. 37. Therefore, Collier's notice of appeal from the denial of his Rule 37 petition was due on or before March 29,

2002. He filed a notice of appeal on March 25, 2002, which was timely. Upon filing the notice of appeal, Collier had 90 days to file the record with the Arkansas Supreme Court. Ark. R.App. P.—Civil (5)(a); Ark. R.App. P.—Crim. (4)(a). Thus, the record should have been filed in the Supreme Court of Arkansas on or before June 24, 2002.

As noted, Collier filed a motion asking the circuit court to reconsider its order of February 27, 2002. The circuit court entered an amended order on April 24, 2002, again denying the Rule 37 petition. Thereafter, Collier filed a notice of appeal from that order. The record was filed on July 24, 2002, which was within 90 days of the second notice of appeal but not the first. The Supreme Court of Arkansas held that the motion for reconsideration was prohibited by Ark. R.Crim. P. 37.2(d), and that the circuit court's amended order "was void because it lacked jurisdiction to rehear appellant's petition." *Collier*, 2004 WL 584903, at *2. The court then dismissed the appeal. *Id.*

The state contends that Collier's Rule 37 petition ceased to be a properly filed, pending petition when the time expired for filing the record on appeal—June 24, 2002. However, the Supreme Court of Arkansas will permit the record to be filed late in criminal cases, including Rule 37 petitions. *See Welch v. State*, 353 Ark. 654, 111 S.W.3d 378 (2003); *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). Here, the Arkansas Supreme Court Clerk accepted the record for filing even though it was late. Although the Arkansas Supreme Court ultimately dismissed the appeal, it did not do so because the record had not been timely filed.

■ In *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), the Court held that a petition for state collateral review is "pending" so as to toll the

statute of limitations for seeking federal *habeas* relief during the interval between the denial of relief and the filing of a notice of appeal to a higher state court. The court held that the same rule applied to California's system, which technically entails a new petition instead of appellate review of a lower court determination, and which determines timeliness of each filing according to a reasonableness standard. *Carey,* 536 U.S. at 221, 122 S.Ct. at 2139. Saffold did not file his petition in the California Supreme Court until 4–1/2 months after the court of appeal had denied his petition. The California Supreme Court denied his petition "on the merits and for lack of diligence." *Id.* at 218, 122 S.Ct. at 2137. The United States Supreme Court stated that, if the California Supreme Court had clearly ruled that a 4–1/2 months' delay between the appellate court's denial of the petitioner's post-conviction petition and his further petition to the California Supreme Court was unreasonable, *i.e.,* untimely, "that would be the end of the matter." *Id.* at 226, 122 S.Ct. at 2141. Here, if the Supreme Court of Arkansas had refused to accept the record as untimely filed or had dismissed the appeal because the record was not timely filed, that would be the end of the matter. But the court did accept the record, even though it may have been untimely; and other cases, such as *Welch* and *McDonald,* show that the Supreme Court of Arkansas routinely allows late appeals in criminal cases, including Rule 37 petitions. Collier did not lose the appeal because his transcript had not been timely filed; he lost because his arguments on appeal addressed only the amended order, which the Supreme Court held was void. Had his arguments addressed the initial order denying his Rule 37 petition, apparently the court would have addressed them even though the record had been filed late. Therefore, this Court cannot say that Col-

lier's Rule 37 petition ceased to be a pending petition under Arkansas law when Collier failed to file the record on appeal within 90 days of the first notice of appeal. Therefore, under 28 U.S.C. § 2244(d)(2), the period of limitations was tolled until the Supreme Court of Arkansas issued its mandate on April 13, 2004. Collier's § 2254 petition was filed less than one year later.

## CONCLUSION

For the reasons stated, Collier's petition is not barred by 28 U.S.C. § 2244. However, significant issues remain. The Court will enter a separate order scheduling argument on the remaining issues in the case.