Valdez Trevino WOODS *v.* STATE of Arkansas

CR 06-1212                                           243 S.W.3d 258

Supreme Court of Arkansas
Opinion delivered November 16, 2006

*The Rogers Law Firm, P.A.*, by: *Edmundo G. Rogers*, for appellant.

No response.

PER CURIAM. Valdez Trevino Woods, by his attorney, Edmundo G. Rogers, has filed a motion for rule on clerk. His attorney admits that his motion for new trial and notice of appeal were filed more than thirty days from the entry of the final judgment and commitment order. Nonetheless, Rogers suggests that the motion for new trial was timely filed under the computation-of-time rule set forth in Ark. R. Crim. P. 1.4 (2006), which proposition would automatically result in the timely filing of his notice of appeal on August 30, 2006.

A chronology of the relevant facts is as follows:

| | |
|---|---|
| June 30, 2006 | Judgment and commitment order filed. |
| August 3, 2006 | Motion for new trial and reconsideration filed by Woods. |
| August 3, 2006 | Notice of non-service of judgment order on defendant's counsel filed by Woods. |

| August 8, 2006 | Order filed denying motion for new trial and reconsideration. |
| August 10, 2006 | Motion to reconsider denial of motion for new trial filed by Woods. |
| August 18, 2006 | Hearing on motion to reconsider. |
| August 21, 2006 | Order filed denying motion for new trial and motion to reconsider. |
| August 30, 2006 | Notice of appeal filed by Woods. |

Pursuant to Ark. R. Crim. P. 33.3(b), posttrial motions "must be filed within thirty days after the date of entry of judgment." Thus, the rule clearly states that a party is required to file a posttrial motion within thirty days after the judgment is filed. Woods contends, however, that the deadline for filing a posttrial motion should be computed as if Rule 33.3(b) requires the motion to be filed within thirty days after service of a notice or other paper. As support for this proposition, Woods points to Ark. R. Crim. P. 1.4, which provides as follows:

> Where these rules, any statute governing procedure in criminal proceedings, or any court order entered in a criminal proceeding prescribes that a period of time of more than twenty-four (24) hours may or must intervene between events or acts, the day on which one (1) only of the events or acts occurs shall be computed as part of the designated period. When the first or last day of a time period is a Saturday, Sunday, or state or federal legal holiday, it shall not be computed as part of the period, which shall run until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday. *Whenever a party has the right or is required to take some action within a prescribed period after service of a notice or other paper and such service is allowed and made by mail, five (5) days shall be added to the prescribed period.*

(Emphasis added.) In sum, Woods is claiming that five additional days should be added to the prescribed period. We disagree.

Criminal Rule 33.3(b) plainly provides that the thirty-day deadline for filing a posttrial motion is computed from the date of the entry of judgment, not from service of the judgment. This court has consistently held that the attorney is responsible for timely perfecting a criminal defendant's appeal and cannot shift the responsibility to another. *Beavers v. State*, 341 Ark. 649, 19 S.W.3d 23 (2000). Consequently, we reject Rogers's attempt to explain

the delay in filing the posttrial motion by the failure of the circuit clerk to send him a copy of the judgment and commitment order in accordance with Administrative Order No. 8.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *Id.* at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald v. State, supra*, it is plain from the record that Rogers erred when he filed the motion for new trial more than thirty days after entry of the judgment and commitment order as required by Ark. R. Crim. P. 33.3(b). No further facts need to be determined. The record plainly shows that Rogers is at fault, so there is no need for him to admit fault. The motion for rule on clerk is granted as a motion for belated appeal. This opinion will be forwarded to the Committee on Professional Conduct.